The Illinois Department of Corporate Safety Division is now in session. The Honorable Justice Barrett L. Bigfoot is presiding. Please sit down. Can you call the first, and I think only, case? Case number 1-220-990, Barrett v. Lavery, in all letters of the Illinois Department of Financial and Professional Regulation. All right, before we start, welcome. I'd like each lawyer to please state your name, and for the appellants, please let us know if you'd like to reserve any of your 20 minutes for rebuttal. Virginia Matiso, Illinois Department of Financial and Professional Regulation. I'd be happy to condense my opening and reserve time for you. Sure. I'd be proud to recognize the Honorable Dean of the Transition. Rick Strunkfield, Dean of the Transition. Strunkfield signing on behalf of the appellants. Okay, I am going to ask each of you to spell your last names for us. Thanks. It's D-I-E-A-T-T-I-S-T-A. S-C-H-O-E-N-Y-V-I-N-G-F-I-E-L-D. Okay. Your counsel is Kevin 15 and 5 Doyle. You don't. You won below, so you only, you get no rebuttal. Even though I agree with you, it's a little reverse tier in terms of she didn't know exactly what exceptions you were going to rely on until she got your brief. But you will know what she is responding because you got her reply brief. So you do not get a rebuttal. Just as soon as you're sure. Okay. D-B-T-E-S-T-A. Whenever you're ready. Good morning, your honors. May it please the court. Assistant Attorney General Bridget D. Batista on behalf of the Illinois Department of Financial and Professional Regulation. Your honors, the attorney fee and cost award should be vacated in this matter as it constitutes a money judgment against the state. There is no express waiver of sovereign immunity contained in the Mental Health and Developmental Disabilities Confidentiality Act. Contrary to plaintiff's contentions, sovereign immunity does apply and the officer suit exception is not applicable. Illinois law is clear that absent an express waiver of sovereign immunity in the relevant statute in unequivocal and affirmative language, the immunity applies. Here, the provision of the act, the private right of action section of the act, section 15, which permits attorney's fees, contains no such express waiver. The state is not mentioned with respect to prohibited conduct and is instead referenced with respect to exceptions to confidentiality, such as in the case of audits, interagency communications, and law enforcement necessities. While the act references, quote, administrative proceedings, it does not clearly reference the state. Also, the reference to, quote, any action in section 15, the private right of action section, is not an express waiver. And on that point, the Illinois Supreme Court case of Walker is instructive. Their similar general language of, quote, any other governmental entity was used and was found to be insufficient to be this express, affirmative, unequivocal waiver of sovereign immunity. I'm going to try to move you on from waiver to what I think is your heart of argument, which is injunctive relief, the officer suit exception. So can you focus on that? Because to me, that doesn't depend in any way on waiver, correct? Correct, Your Honor. Likely in recognition of the lack of an express waiver, plaintiffs instead strain to analogize this case first to sexually dangerous persons proceedings and alternatively, to Your Honor's point, to fit this case within the officer suit exception. Well, it is clearly within the officer suit exception, their request for injunctive relief. You do not dispute that they have the right to do that, correct? Had this been brought for injunctive relief, well, it all goes back to the attorney's fees piece, Your Honor. Okay, but the attorney's fees are ancillary to the injunctive relief, correct? They got injunctive relief in the circuit court. You may not, you do not have to disclose those notes. That was injunctive relief, correct? Had there been an officer identified, there had been no officer identified here. You're not answering my question. They sought and obtained injunctive relief. They sought injunctive relief, yes, Your Honor. And they obtained. They got injunctive relief. Yes, and that piece of it, the Department is not challenging. There may be infirmities with that piece of it because there was no officer identified. So you're saying they did not have the right to go into circuit court and protect the notes? In this circumstance, because the Act does not expressly waive salary immunity, they would then have to seek through the officer suit exception, which includes identifying an officer. Excuse me. No, wait a second. In Latrobe, which is where? Yes. That was the agency that was stopped. There are numerous cases where people go into court and say, this agency can't do that. And that is the, I believe it's misnamed, the officer suit exception. But it says, you, state agency, can't do something. And in Lederer, there is identification in the pleading of officers, nevertheless, and in True, they do state in Lederer that failure to name and identify a state officer is not going to preclude operation of the officer suit exception. But Lederer does not clearly hold that no officer conduct needs to be alleged whatsoever in the case. And here we have no officer conduct violative of the statute alleged. And even if it were the case that it merely be the Department that is alleged to be violating it, here there are no allegations in the complaint regarding a violation. And back to your Honor's question about, so. I'm sorry. I'm not clear. Are you disputing that they had, that the circuit court had jurisdiction to protect the notes? On this appeal, no. We are simply, we are not challenging that piece of the decision. That part of the decision, if the proceedings have gone forward, it would likely be moot. The only issue that is being challenged here are the attorney's fees. And your Honor mentioned this notion of ancillary. But the only case that I allow for attorney's fees as attendant to the officer suit exception is the court, the case of Gray. But when you look to Gray, and importantly, Gray does that in alternative holding. So there was a holding that, a first holding that found sovereign immunity was waived. And if you look to the decision, it says assuming arguendo, and it's an alternative holding. So even if that's excised from the case, that name holding, and there's actually a case going the other way, going your way on the ancillary list of the attorney's fees. And, your Honor, if you look to even Gray, though, on the ancillary piece, the case that it cites to find that it was still appropriate to award attorney's fees under the officer's suit exception is Wilson v. Quinn. Now, that case, importantly, involved injunctive relief where the incidental, the effect of awarding the injunctive relief was going to be payment of fees from the state treasury. So in that case, Wilson, which Gray quotes, it says the mere fact that money is to be paid from the state treasury is not necessarily an action against the state. So it still would fall within the exception where injunctive relief is sought, but as a consequence of the injunctive relief entered, money is paid from the state. So when we look to Wilson v. Quinn, the declaration sought there was that a failure to pay a stipend was unauthorized by law. So once that declaration is entered, the failure to pay a stipend is unlawful. There's this incidental effect of payment from the state. This is not this case. The injunctive relief sought was with respect to the confidentiality of the notes. Unlike Wilson, there's not then this incidental payment, an effect of payment from the state treasury. This is a separate part of this case seeking attorney's fees. So are you suggesting that the only time that attorney's fees would be appropriate is when the injunctive relief involves money? Correct. So if the injunctive relief afforded itself has this incidental effect of payment being paid from the state treasury, courts are not going to say, well, sovereign immunity bars that. They're going to allow for that injunctive relief to proceed, to seek that. But this is not that. The confidentiality of declaration of these notes being confidential does not similarly have this incidental effect. But I'm not sure you answered Justice Brown's question, which is if you get part of the injunctive relief as money, then you can then get attorney's fees. Is that what you're saying? I think my understanding of that question is if the effect of entering the injunctive relief sought will result in payment of funds from the state, then in that case it would fall within the exception. But here the injunctive relief sought does not, as an incident to its entry, involve payment. We understand the distinction. However, it sounds as if you're saying that the rule is when there's money involved in the injunction, then you can get attorney's fees. If there's no money involved in the injunction, then there's no attorney's fees. That is my understanding from reading of Wilson, that there is not going to be a bar for an individual seeking injunctive relief to seek that injunctive relief if the mere consequence of entry of that injunctive relief is going to be fees paid from the state. Are you familiar with how Federal law deals with this? Because Federal law very clearly holds that attorney's fees are ancillary to injunctive relief, and therefore there's no 11th Amendment bar to getting attorney's fees. We did not brief that issue. If Your Honor would like supplemental briefing on that piece of it. Are you familiar with that issue? In preparing for this case, yes, I have read. But as I stand here, I would, you know, have the ability to discuss with my clients, you know, their position on that piece of it. And I'm happy to submit. We'll let you know. Okay. Thank you, Your Honor. I do have another question. Yes. Just to again understand your position. So your position is that counsel for the doctor whose notes were at issue here, the prevailing party in the injunctive relief, would have to go to the Court of Claims as a separate action to get attorney's fees? I think our position is that there was no jurisdiction in the circuit courts. So would they be able to go to the Court of Claims and get attorney's fees? The Department did not take that position because there may be other jurisdictional bars. So there may be no way that they can go to get attorneys? It may be that the only place that they knew would be the Court of Claims, but the Department has not taken an affirmative position that it belongs in the Court of Claims. Our position is that there was no jurisdiction in the circuit court for this. So do you have a position on whether they could at this point go to the Court of Claims? I do not, Your Honor, have a position. So typically when the state invokes immunity, it's part and parcel of an argument that the only place you can get relief is the Court of Claims, and you're not willing to go that far here, correct? If there were some jurisdictional infirmity that the Department has not briefed, the Department does not want to take the position that it belongs in the Court of Claims. The position is that it does not belong in the circuit court. Well, if it doesn't belong in the Court of Claims and it doesn't belong in the circuit court, then there is no other venue in which the petitioner can get its statutory right to fees, correct? Correct. I think I can take the position that if anywhere, it would belong in the Court of Claims, but that it does not belong in the circuit court here. So following up on Justice Johnson's question, you're drawing a very fine line, and you're walking a very fine line, I should say, because you concede that if the injunctive or declaratory relief involves the payment of money, then you can get fees. But if it does not involve the payment of money, then you can't get fees. Is that simply based on the court's holding, and I don't want to call the name of the case, or is there some text in the statute that you rely upon? Well, it is relying on Wilson. And just to be clear, Your Honor, with respect to whether or not fees can be paid, in Wilson, it was a payment of a stipend, so it was not attorney's fees. It was simply any types of funds. No, but that injunction involved the payment. It required the state to disburse money. Pay money, yes. And your point is that in that instance, the circuit court can award fees, but where it's simply – have I misstated that? Well, if Your Honor is referring to attorney's fees, I would say no. No. It's not necessarily attorney's fees are allowed if it's seeking money. My point is that if the injunctive relief is entered, and as a consequence of that, money has to be paid, that then would be not prohibited by sovereign immunity. Right. And in the Wilson case, it was a stipend. Right. It wasn't fees. So, Your Honor, I'm suggesting that any time – so when Wilson say there had been an attendant request for attorney's fees, I am not taking the position that necessarily that fees then would be awarded. I'm simply saying that if there's money paid out as a result of the injunctive relief fraud, that's not going to bar the exception. Okay. And then on the question of the defense that prospective injunctive relief was not – fees are not proper here because the petitioner did not name an individual officer. Who, if anybody, could the petitioner have named in this case? It's unclear to me, Your Honor, because in addition to failing to name an officer, they have not identified a violation. So the statute provides – Well, but didn't they identify a violation? I thought the violation was that the statute prohibits the disclosure of therapist's work product papers. And, I mean, isn't that it? But at that point, and I would refer the court to the ALJ's decision that's contained within the appendix, there had not been a showing that the privilege applied. So at that juncture, there was a blanket assertion of the privilege. And the ALJ ordered the notes turned over because there had not been a showing whatsoever that – through an affidavit or some other showing that these were privileged. So you're saying that the proponent of the work product doctrine had not put forward sufficient evidence or established a prima facie case that the notes were protected by the doctrine. Yes, and so the ALJ reasonably ordered their production. But didn't the therapist say that these are my notes that I take in the course of my treatment? And so what more would be required? And, for example, the ALJ states an affidavit, some evidence, some proof that these were in fact privileged beyond labor-free statement as such. And so the next procedural step was this in-camera inspection that's provided for in the act that the circuit court then would go and look, were these privileged? And didn't the ALJ refuse to do that and say you have to go to the circuit court to get that done? The ALJ did not – there was no request for an in-camera inspection of the ALJ. The ALJ said if you want an in-camera inspection done, you've got to go to court. Am I misreading that? I think the ALJ recognized that that was an avenue. I don't know that – I can say there was not a request of the ALJ to conduct an in-camera inspection. The ALJ acknowledged that in the act that that's available at the circuit court. And so that did happen. The circuit court did an in-camera inspection. But there had been no violation at that point from the ALJ. And importantly, there's no allegation in the complaint that there was a requirement of the state actor or the state that was failed that – and there was a failure to meet that requirement. And Lederer was really instructive on that point. It goes through the requirements of the state in the complaint and also how those were not met by the actors in that case. And Flanagan also is instructive, this Court's decision in Flanagan, that the complaint was found to be insufficient because there was no statement of what is required of the Department and what does it fail to do. And a review of the complaint here does not demonstrate those sufficient allegations to – you know, this officer stood exception for her to apply. And the first time, actually, that the Department – what violations the Department committed purportedly are mentioned is in the reply in support of the attorney's fees. And there they say the Department had an obligation to inform the ALJ of the in-camera procedure, presumably the prosecution that they're referring to. The Department had an obligation to inform the ALJ. But they don't point to anything in the act that required that. And they certainly don't include that in the complaint. So when one reviews the complaint, it's evident that the officer stood exception has not been – even if it's enough to name the Department, which the position of the Department is that that is not leader's holding. But even if it were, that those allegations are absent from the complaint. You are out of time. But if you – we did take a lot of your time. If there's a couple other points that you want to make or any further questions, Justice Johnson? No. Okay. That's all I have, Your Honor. We would ask that the Court reverse the circuit judgment in part, vacating the award of attorney's fees and costs for lack of subject matter. And you're going to get the final word. You will come back. Thank you, Your Honor. Okay. Please, the Court. While I do want to address at least briefly all three issues, let me start with what's obviously been the issue of primary concern so far in this argument. I think that the Department is taking not only inconsistent but inappropriate positions and arguments here because they did not appeal the judgment entered by the Chancery Court. The judgment that Echo Relief was appropriate and a protective order was issued. So without appealing that, they first gave the arguments about it in the reply brief and now an oral argument, but obviously they didn't raise any issue or argument about that in their appellant's brief. So the judgment stands, and the Chancery Court's findings stand. And their judgment and findings specifically were, or included, that the plaintiffs were aggrieved under the statute. The plaintiffs were aggrieved when labor's notes were sought without an in-camera inspection by the Circuit Court, which was in violation of the statutory mandated privilege. Plaintiffs were left with the need to obtain an in-camera inspection by filing the instant case. Where it was the defendant's failure to follow the requirement of the act demanding the plaintiff produce. Where it was the defendant's failure to follow the requirement of the act demanding the plaintiff produce labor's work notes without an in-camera inspection, Circuit Court claims are entitled to attorney's fees and costs. That's a quote from the abstract from Judge Norland at the hearing, which she incorporated into her order by reference from the abstract pages 26 and 27. So a way past arguing about pleading defects, it was apparent, and of course you don't have to plead evidentiary facts in the complaint and so forth, it was obvious to Judge Norland, and I think it's clear, that the complaint was, the department, once we asserted the privilege, maintained its demand for the documents, for the notes. And the ALJ went off on the ALJ's own view of things. I've been doing this for a long time, I've never heard, maybe I'm wrong, but I've never been asked to produce any affidavit once we asserted a privilege, be it attorney-client or any other privilege. The assertion, you know, troubles us. Well, I mean, typically the proponent of the privilege does have the burden to establish a prima facie case, but in your instance, the request was for the therapist's notes, so that necessarily encapsulates the documents. I don't think it would have been necessary then for the therapist to say, these are my notes. Well, he said, I have notes, the therapist's notes, when he was on his stand. The department asked for his notes. Yes. Right? Yes. Okay. Yes. And so, but in any event, I think we're way past those issues. I don't think they can attack the fees on the basis of what was or wasn't in the complaint. And I understand your argument, but if they're right, there has to be an officer need for the officer suit exception to apply, which I'm not saying they necessarily are, but if they are, who's the officer here? The officer is the department's attorney who sought the notes. Okay. I mean, I think there's no question looking at the pleadings and the known facts in this case and Judge Worland's orders. It's the pursuit of the notes after the privilege has been asserted that arguably is a violation of the act. Yes. And who made that demand? It was the attorney. I don't know. Most lawyers I know would probably argue litigation privilege, that they can't be sued for the purpose of litigation. I don't think it would have been appropriate for us to sue that individual attorney. We were seeking equitable relief in any event. Why would we sue that attorney? Right. Or the AOJ. That's what we were really worried about. To have the AOJ to be the superior. Unless you could sue the department head. Yes. But it wasn't necessary to obtain relief that we sought. We obtained the relief that we sought, which was equitable relief. The cause of action was for equitable relief. Counsel, in describing the case, she was talking about where money was spent to effectuate injunctive relief. Well, that's true. That was the facts of that case. But that case did not say, and these are the only circumstances under which money can be obtained. It did not say attorneys' fees are not ancillary. Attorneys' fees are normally considered an ancillary part of the relief. Are you familiar with Schumpf v. Shabiamo? She's a much better pronouncer than I am, but I think that's how you pronounce it. In which the court disagreed with Gray, though it didn't talk about Gray, and said, no, attorneys' fees are not recoverable as ancillary to injunctive relief. I think that Gray's a First District case, which has been started by the one on Supreme Court. And Shabiamo's a First District case also, and it's a later First District case that goes the other way. Not that, you know, we ever go the other way from the Third and First District. I think that Gray's position is clearly correct, and the position that courts typically take with regard to attorneys' fees. We did not go in with a cause of action specific to attorneys' fees. It was asked for in the amended complaint. If we received the actual relief, we were then going to ask for this in an ancillary subsequent proceeding, which is what we did. Counsel? Yes. How is this different from a state's attorney who makes a request in litigation, and ultimately the issue is appealed, and we reverse the circuit court. Are you suggesting that in that situation that you'd be able to sue the state for asking for the documents? I can restate it if you want. I know it's... No, I think I follow what you're saying. If they were asking, if the state's attorney was asking for therapist notes in violation of this statute, and continued to ask for them after the privilege was asserted, we would have the same set of facts as we have here, although we would then be in circuit court already. Presumably the judge would have an in camera inspection, and we would never get to this point. So I think I follow what you're saying. And you wouldn't sue the state for asking if the circuit court says, you know, yes, we're going to release the notes, and then you come to the appellate court, and we say, no, that's privilege, and we reverse. It's a similar situation. The violation was in continuing to seek the notes after the privilege was asserted, and not going to circuit court to seek an in camera inspection as required. Not only not going themselves, which they should have done, and if they had, I would have accepted service. We would have been telling the chancery court judge, we agree, we need an in camera inspection. And this would have been over quickly, and we wouldn't be here. There would have been no, no, we wouldn't be here. There would be no prevailing fire. We would have been in agreement. Chancery judge, please give us an in camera inspection. That's what should have happened. The violation was in seeking, continuing to seek the notes after the privilege was asserted, and not seeking an in camera inspection, which is really their responsibility, and then opposing our seeking an in camera inspection, because my clients did not want to be in the position of simply refusing to obey an order from the administrative law judge. So they exceeded their authority by asking how many times? By continuing to seek the notes after the privilege was asserted, without agreeing or going to the circuit court to get the required in camera inspection. Is that statutory? Yes, I believe it is. And that's the way that Judge Walden phrased her decision. Not in the exact words I said, but in the words that I quoted a few minutes ago. So, if you have any more questions on the officer exception, but if not, I'd like to think I've got about five or six minutes left. Do you want to address your arguments? Yes, your arguments. As to, I don't know. As to the other exception to sovereign immunity that we argued, which is that the litigation was initiated by the department. Obviously, we filed this case. The Supreme Court, though, not in this context, but nevertheless in general terms, Supreme Court in literature said that you have to look at substance rather than form. And it doesn't necessarily matter how the parties are aligned. But that's for the exception to sovereign immunity. You're saying sovereign immunity doesn't apply. Yes. That's what you're arguing in this argument. Not that there's an exception, but it doesn't apply because the plaintiff is actually the state here. That's correct, Judge. We know that they initiated the administrative proceedings, so that's a given. So, what does this case have to do with the administrative proceedings? This case was an effect in substance and in function and interlocutory appeal from the administrative proceeding. And how can I justify saying that? The order was a protective order for the notes that were issued in the, quote, underlying administrative proceeding. Judge Moreland specifically phrased the order in terms of this applies to the underlying administrative proceeding. Judge Moreland certainly ruled like this was an interlocutory appeal. So, we had no other means to obtain relief other than going to circuit court and asking for the required in-camera inspection. And in terms of realignment of parties, I think that in this unusual set of facts that we have, it is somewhat analogous to what happens in the U.S. Supreme Court, where the defendant may become the petitioner in the Supreme Court, the defendant in the underlying case. For example, in the case of Kukana v. Holder, this was a deportation case. Kukana was the defendant or the respondent in the deportation proceedings. But in the Supreme Court of the United States, he's now the petitioner. He became the petitioner. That didn't change the realities of who initiated the litigation. The department initiated the litigation here, and they're inextricably tied together under Judge Moreland's specific order that this applies to the administrative proceeding. What about the argument, and they don't make this until their reply brief, anyway, that the statute only grants fees to the plaintiff. You had to be the plaintiff to get fees here. And you were the plaintiff. And you were the plaintiff because you brought this action. We were suggesting this is — I can certainly believe it, but it is, in fact, a separate action that you brought. That's certainly obviously true. You were the main plaintiff in this action without question, but that, I do not think, answers the larger underlying question of who initiated the litigation. Is the circuit court case the same litigation, functionally and substantively and inextricably, as the administrative proceeding with Judge Moreland's order? I believe that it is. As to the reading of the statute — And by the statute, you're talking about the confidentiality, correct? Yes. Yes, Your Honor. So the statute clearly contemplates that the state can be brought up, can be sued under the statute because it applies to judicial, administrative, all judicial, administrative and legislative proceedings and preliminary proceedings thereto. That would be a lawfully broad waiver, wouldn't it? We said any statute that could possibly be applied to the state is a waiver of sovereign immunity? This isn't just possibly, though. This is a statute which, by its terms, you have to expect that the state, state departments, state agencies, state actors, will at some point be liable to be sued under it, given the specifics of what the statute covers and the care they took to say it applies not only to judicial but also to administrative and legislative proceedings. And I think that brings us into the Gray situation where, given the scope of this statute, if sovereign immunity was to apply, to continue to apply, it had to be written in as an exception to the broad statutory language. That's what Gray talked about was lacking in the Gray case, an exception when it should have been there, it was meant to be there, and I think we're in the same situation here. I would agree with you that as a threshold point, you have to read the statute and think appropriately so, as broad as it is, that the state is included in the language all judicial, administrative and legislative proceedings and preliminary proceedings there, too. But I think you can read, looking at language... Would you make that last point again? I missed that last point.  Thank you, Judge. I was trying to say that to accept the argument that I'm making, yes, you have to read the statute as a whole and conclude, as I think is appropriate, that the broad language of judicial, administrative and legislative proceedings and preliminary proceedings there, too, is clearly intended to encompass the states. Well, in an administrative proceeding, every administrative proceeding, the state is a party, right? You can't have an administrative proceeding without the state as a party. Therefore, the state has to be... Therefore, the state was covered by the statute. And when it now goes on to say all aggrieved prevailing plaintiffs are entitled to fees, that includes the state, because as in Gray, as Gray pointed out, once you include the state in the statute and include attorney's fees in the statute, sovereign immunity is written out unless the legislature writes in, but not the state when it's talking about all aggrieved prevailing plaintiffs are entitled to attorney's fees. The legislature obviously could have said except for state of Illinois defendants. If they had added that phrase, there would be no argument. Ms. DiBattista argues that after you obtained your declaration in the circuit court, you possibly could have gone to the court of claims to obtain your fees under the statute, which would be yet a third forum in which you would have been at. Is there any prohibition upon you to go to the court of claims? I would have to review the court of claims act there, Your Honor. I think we may still be within the time frame, but to be honest, I haven't reviewed that. It seemed to us that this was correct, and when they filed the appeal, we didn't know what they were going to argue, of course, until we got the appellant's brief. So to begin with, we didn't know if they were going to argue everything or only fees. So in that way, it would have been fairly premature for us to go to the court of claims to begin with. The objections to the fees had not been raised below? Sovereign immunity had not been raised below. I did not know if sovereign immunity was being argued until I received the appellant's brief. Okay. But you agree that they can't forfeit sovereign immunity and that they haven't forfeited it? Yes, and I did not argue otherwise, and I agree they're correct about that. Thank you. Anything else from anyone? Any final points you want to make? Simply that we're asking, obviously, pre-reform and then to remand for further proceedings on fees. For the appeal? For the appeal, yes, Your Honor. Thank you. Your Honor, there was some questioning and discussion about the department asking for the notes, as though the department was aware that the documents over which the privilege was asserted were personal notes. That is not the case. The ALJ was given a statement from Lavery that these documents were personal notes. There was an assertion of the privilege as to the documents. Just so it came up during his testimony, right? He was testifying and he mentioned notes. He asserted that these set of documents were personal notes, but he provided no evidence, no affidavit or otherwise, that they were, in fact, personal notes. He was testifying under oath when he said that, correct? His blanket assertion is all that there was. Under oath. Under oath, yes, Your Honor. But there was no support. Well, what would he want? For example, an affidavit. Well, but why is an affidavit any better than testimony under oath? I think because in this case. At least in testimony under oath, you can cross-examine it. You can't cross-examine an affidavit. It seems like it's the gold standard of evidence. Your Honor, there was, in fact, an in-camera inspection necessary here to determine whether, and you see the redactions that took place here, whether these were records that were the privilege to be waived by the Dr. Ramachandran here or whether these were personal notes. So this notion that the ALJ was aware these are personal notes and ordered their production is not spared out by the order. There was an uncertainty at that point whether the documents sought were, in fact, privileged or not. And then the circuit court conducted an in-camera inspection and determined that some of the redacted pieces were personal notes. So there was not, as it seems to be stated, a knowledge that these were, in fact, personal notes and that they were ordered, turned over. Opposing counsel also argues that there were well-cast pleading defects. That's not the case here because we're looking to subject matter jurisdiction, and importantly, in the complaint. Today, opposing counsel is saying that the burden was for, excuse me, the violation here came from the department's attorney, presumably the prosecutor. Even if it's the case that Lederer holds that the department only need be named, again, there needs to be this violation asserted. If we go to the complaint, the department's attorney is mentioned nowhere in the complaint. They are seeking the officer suit exception to sovereign immunity to apply, but they don't include that in their pleading. Where is it in the pleading that this officer suit exception should apply? That there was something required of the department's attorney that he or she failed to do? That's not in the complaint. And for that reason, under Flanagan, there should not be subject matter jurisdiction here. This assertion or the officer suit exception does not apply. Also, there's the argument that there was, that the, excuse me, Lavery and IPHP were left with the need to seek the in-camera inspection. It's important to note in the Act, there's Section 10 that applies to an in-camera inspection. There's not necessarily a violation by anyone that's occurred at that point. It's the in-camera inspection that needs to take place to determine are these privileged, are these not, which at the time the ALJ entered the order, there had been no showing whether they were or not. There's a separate section, Section 15, which involves violations of the Act. That is the piece where attorney's fees are awarded. So importantly, there needs to be some pleading, some, something in the complaint about a violation here, and there simply was not in the complaint. Mr. Batista, I have a hypothetical, and I know it's not this case, but just assume for the sake of argument that the department had taken a position in the circuit court which was not well-grounded in law or fact, and the circuit court had imposed Rule 137 sanctions against the department. Would the circuit court have authority to do that under the sovereign immunity doctrine that you've invoked here? I think, Your Honor, that may go to intentional conduct in terms of sanctionable activity, which may be viewed differently with respect to sovereign immunity. At this point, that's the best answer I have. Is there an intentional conduct exception? I guess I'm thinking in terms of, you know, in tort instances, in examining sovereign immunity where one looks to negligent conduct, that that may be more akin to an intentional act. I understand the tort immunity argument, but I guess my point is that isn't that part and parcel of the underlying case? Was there an intent? No. Okay. The award of fees, the imposition of Rule 137 sanctions, isn't that part and parcel of the underlying case? And when you say the underlying case, do you mean the administrative proceedings? Well, the proceeding in the circuit court. And if you could just expand on that. So my point is this. The fees that were awarded here, your opponent argues that it was part and parcel of the declaratory judgment action that it filed. And if the circuit court has authority to award Rule 137 sanctions, because it's part and parcel of the claim that's been filed, why doesn't it have authority to award statutory fees? It may be that a sanction, you know, and I'm not familiar with the case law in this area, but, you know, in terms of a sanction against the State, I would have to familiarize myself with that. I would say that in this case, the only case, and in an alternative holding that allowed attorney's fees, ancillary to the officer's suit exception is the Gray case. If this Court were to find in this case that attorney's fees can be awarded ancillary to an officer's suit exception, that would be a great expansion outside of this alternative holding. Are you arguing that it's DICTA? No, Your Honor. I don't know that I would say that it's DICTA necessarily. I would say if that were excised from the case, that's an alternative holding. It wasn't necessary to the holding, to the officer. It sounds like DICTA. You're right. It may be. There's two kinds of DICTA. I see. Okay. I defer to Your Honor, of course. If that's the case, yes. It's not necessary for the ultimate outcome of the case. If this Court in this case were to do that, again, it would be this great expansion of this exception, an exception to sovereign immunity, to allow for attorney's fees to be awarded as part of that. And we would urge the Court not to expand the officer's suit exception in that matter. Also, there was a mention about administrative proceedings being referenced, that administrative proceedings can only be the state. In fact, administrative proceedings can be municipal. And also the – But that would be another form of government, another unit of government. That would be another unit of government for which the sovereign immunity would not apply. And also there are prohibitions against opposing parties. So that act can apply in administrative proceedings potentially to opposing counsel. So the act is not rendered null. It's not left without meaning if the state can't be sued under that act. And that's why it's distinguishable from some cases cited by my opposing counsel regarding the APA. Now, the APA, of course, only applies to Illinois actors. So in that case, that express waiver was found not to be as necessary in this case. Not to put you on the spot, but it would be a lot broader than saying – a lot broader if we were to say any statute that could be – where a claim could be brought against the state is a waiver of sovereign immunity. That would be a lot broader than to suggest that fees ancillary to injunctive relief are part of the Office of Sued Exception. It would be a lot broader, but I maintain that the ancillary fees to Office of Sued Exception would be a broad expansion. Potentially less broad, but very much broad. And then also counsel mentions the natural outgrowth cases. And I shouldn't say cases because natural outgrowth, that was only in an unpublished case with respect to sovereign immunity not applying, whether it was simply a natural outgrowth. That, too, would be an expansion of even the published cases, Wilcoxon that found under the Sexually Dangerous Persons Proceedings that this was – the state had not been made a defendant. Here, plaintiff has sued the state. It has been made a defendant. And so sovereign immunity does apply for those reasons. Anything for our second further question? Can you just succinctly address counsel's position or response to my question that the statute requires – required the state to seek the NCAMRA? And your question, Your Honor, specific – just so I'm answering it directly. Your question was whether or not the – he's saying that you were required to seek this NCAMRA. My question was, you know, was it statutory? Are you required to do the – I know the statute covers NCAMRA. Yes. But are you – was counsel specifically required to seek the NCAMRA? So once they asked for the documents and the privilege was asserted, after that, are they required to seek the NCAMRA? Or, you know, maybe strategically, no, I'm going to stand my ground. I think I'm right on this. I don't see in the act that there is a requirement that it be sought, that that is an option available to the holder of the privilege to seek this NCAMRA inspection. And importantly, as we note in the brief and argument here, that that's a section that deals with this procedural potentially inevitability of, you know, having this question. Are these privileges or not? We now need the NCAMRA inspection. That does not necessarily – and in this case, there was no allegation that that then involved a violation by the state here, sufficient to invoke the officer suit exception. So for that reason, we would urge this Court not to apply the exception in this case and to find the sovereign immunity bar applied. I have one last question. Yes, sorry. But is there some reason the ALJ could not have done the NCAMRA inspection? As I'm aware, there are NCAMRA – this is not in our brief. Right. But I'm aware that there are NCAMRA procedures at the department level. So there had been, you know, no attempts to explain at that point by waivering why these were privileges. It was a blanket assertion. And the next step that was taken was to take it to the circuit court for that review. Anything else? I have nothing further. I would just ask that that portion of the circuit court judgment awarding fees and costs be reversed. I'm sorry. One last question. If we disagree with you, do you disagree that – with counsel that we would have to remand the case for a further calculation of fees for the appeal? If we disagree with you. If we were to affirm. I would offer a supplemental briefing again. I have not – you know, I would need to have the position of my client. It's in his brief. You didn't object to it in your reply that I'm aware of. I'm not familiar that it was in the Apple – I don't dispute that it wasn't. I'm not familiar. Okay. All right. Thank you, Your Honor. Thank you. Thank you both. It's a really interesting question. As sovereign immunity often is. We will take this under advisement and you will hear from us in due course.